UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23230-CIV-CANNON/Otazo-Reyes

**ANGELA MILNER, et al.,**

    Plaintiffs,

v.

**TERI GALARDI,**

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION FOR SANCTIONS AND DISMISSING CERTAIN PLAINTIFFS

**THIS MATTER** comes before the Court following the Hearing held on September 8, 2021 [ECF No. 111], and the Second Motion for Sanctions filed by Defendant on September 2, 2021 [ECF No. 106]. For the reasons discussed in open court and set forth below, the Second Motion for Sanctions [ECF No. 106] is hereby **GRANTED IN PART AND DENIED IN PART**.

The Court entered its initial Order Scheduling Mediation in this matter on October 8, 2020, and scheduled mediation for May 3, 2021 [ECF No. 22]. On May 6, 2021, Plaintiffs filed a Notice Resetting Court Ordered Mediation Date on the ground that Counsel for Plaintiffs experienced the death of an immediate family member less than a week before the Court ordered mediation was scheduled to take place on May 3, 2021 [ECF No. 51]. In light of the extraordinary circumstances presented in Plaintiffs' Notice, the Court entered an Order Rescheduling Mediation from May 3, 2021, to May 20, 2021 [ECF No. 54]. On May 21, 2021, Neil Flaxman filed his Mediator's Report, in which he reported that the mediation hearing was adjourned because Plaintiffs failed to make an appearance at the mediation hearing [ECF No. 56]. The Court thereafter entered an Order to Show Cause [ECF No. 59], which directed Plaintiffs to show written cause for their failure to make

an appearance at a Court scheduled mediation.  Plaintiffs then filed a Response to the Order to Show Cause explaining that certain Plaintiffs were unable to connect to the zoom mediation due to "reasons not known" [ECF No. 64].  The Court scheduled a status conference hearing to discuss Plaintiffs' failure to appear at the May 20, 2021 mediation hearing [ECF No. 54].  Following the Status Conference Hearing on June 3, 2021, the Court entered its Second Amended Scheduling Order [ECF No. 72], which provided the parties until June 9, 2021, to file a fully compliant proposed mediation order with the Court.[1]

On June 8, 2021, Plaintiffs filed a motion requesting that the Court appoint a mediator on because the parties reached an impasse during their selection of a mediator [ECF No. 73].  The Court granted Plaintiffs' request—providing the parties with an additional ten days following the Clerk's appointment of a mediator to select a mediator [ECF No. 76].  Despite these repeated enlargements, Plaintiffs again sought an enlargement of the deadline to file a notice of mediator selection [ECF No. 83].  The Court again granted Plaintiffs' request, resetting the deadline for the filing of a mediation order to June 24, 2021 [ECF No. 84].  In yet another violation of a Court Order, on June 24, 2021, Plaintiffs filed an improper unilateral notice of mediator selection [ECF No. 88], after which the Court had to direct the parties to file another notice by June 25, 2021 [ECF No. 89].  Finally, on June 25, 2021, the parties filed a proper notice of mediator selection [ECF No. 90], after which the Court entered an Order Scheduling Mediation for August 19, 2021 [ECF No. 91].

Notwithstanding the above history of noncompliance and repeated extensions related to mediation, on August 19, 2021, Mediator Bruce Blitman filed a Report in which he indicated that

---

[1] Separately, on May 6, 2021, Defendant filed a motion for sanctions due to Plaintiffs' failure to comply with a Court discovery Order [ECF No. 52]. Magistrate Judge Otazo-Reyes granted the motion in part and awarded attorneys' fees to Defendant [ECF Nos. 48, 63].

the following three plaintiffs did not make an appearance at the mediation: Shakir Williams, Jocelyn Johnson, and Jammie Parker [ECF No. 101]. The Court then scheduled a hearing for September 8, 2021, advising Plaintiffs to be prepared to explain why dismissal of certain Plaintiffs was not warranted in light of those Plaintiffs' failure to appear at the August 19, 2021 mediation [ECF No. 102]. Defendant then moved for sanctions, this time seeking dismissal of Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker on the basis of their failure to appear at the mediation hearing, and also seeking dismissal of Plaintiffs Angela Milner and Tiffany Thompson for failing to appear at scheduled depositions [ECF No. 106].

On September 8, 2021, the Court held a hearing to discuss the foregoing. Counsel for Plaintiffs explained that Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker each had separate medical and personal reasons for failing to appear, including oversleeping due to prescription medication and pregnancy. Plaintiffs' counsel acknowledged that Plaintiffs at no point advised the Court of any reason to reschedule the already rescheduled mediation—a mediation that originally was scheduled for May 3, 2021 and finally got rescheduled more than three months later after a pattern of noncompliance by Plaintiffs and various extensions and allowances granted by the Court.

Based on the foregoing, and for the additional reasons discussed in court on September 8, 2021, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Second Motion for Sanctions [ECF No. 106] is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk is directed to **DISMISS** Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker from this action.

CASE NO. 20-23230-CIV-CANNON/Otazo-Reyes

3. Defendant's Second Motion for Sanctions is **DENIED** to the extent it seeks an Order dismissing Plaintiffs Tiffany Thompson and Angela Milner from this action.

4. With respect to Plaintiff Tiffany Thompson's deposition, Plaintiff will have until **September 13, 2021**, to file a motion to appear remotely at her deposition, but any such motion will be considered **only** if it explains in detail, and with supporting documentation, why Ms. Thompson cannot travel due to her probationary status and/or whether she has sought permission to so travel.

5. On or before **September 15, 2021**, Defendant shall file a Statement of Reasonable Costs and Fees in Support of its Second Motion for Sanctions [ECF No. 106]. Defendant's Statement of Reasonable Costs and Fees must be limited to the content in its Second Motion for Sanctions and otherwise conform to the scope of the Court's ruling in this Order [ECF No. 106].

**DONE AND ORDERED** in Fort Pierce, Florida this 8th day of September 2021.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record