**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 20-23230–CIV–CANNON\Otazo-Reyes

**ANGELA MILNER**, *et al.*,

    Plaintiffs,

v.

**TERI GALARDI**,

    Defendant.

_____/

**PLAINTIFFS SHAKIR WILLIAMS, JOCELYN JOHNSON AND
JAMMIE PARKER'S RULE 59(e) MOTION TO ALTER OR AMEND
THE ORDER OF DISMISSAL [ECF 113]**

**NOW COMES** dismissed Plaintiffs Shakir Williams, Jocelyn Johnson and Jammie Parker (hereinafter "Plaintiffs") by and through the undersigned counsel, and hereby files this motion requesting the Court to alter or amend the Court Order [ECF 113] (hereinafter "Order") pursuant to Fed.R.Civ.P. 59(e) to provide for some lesser sanction other than dismissal of their claims with prejudice for failing to attend the Court Ordered mediation.

On September 9, 2021 the Court entered the Order dismissing Plaintiffs from this case without indicating whether the dismissal was based on Rule 37(d) or Rule 41(b) of the Fed.R.Civ.P. Critically, unless the Court otherwise specifies, an involuntary dismissal, other than a dismissal for lack of jurisdiction, improper venue, or lack of an indispensable

party, *is with prejudice*. Fed.R.Civ.P. 41(b); Weissinger v. U.S., 423 F.2d 795, 799 (5th Cir. 1970).[1]

Under Rule 59(e) Plaintiffs have 28 days from the entry of the Order to file a motion to alter or amend the judgment.[2] Therefore this motion is timely. Courts generally recognize three grounds under Rule 59(e) for reconsidering an order and those are (i) an intervening change in controlling law (ii) availability of new evidence; and (iii) the need to correct clear error or prevent manifest injustice.

"The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. Of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "A court has considerable discretion in deciding whether to grant a motion for reconsideration." *See Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006). This motion focuses on item #3, the need to correct clear error or prevent manifest injustice.

The 11th Circuit has stated that a district court may dismiss a case or plaintiff *with prejudice* only where "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.", quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983); see also McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir.1986) (dismissal justified only by "clear record of delay or contumacious conduct,"

---

[1] Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that "the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit.")

[2] FRCP 59(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

quoting Martin-Trigona v. Morris, 627 F.2d 680, 682 (5th Cir.1980)).  Mere delay will not suffice; "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." McKelvey at 1520.

The Plaintiffs did not appear for the Court ordered mediation for the reasons stated in the Order.  However, each Plaintiff fully participated in discovery, attended the Court Ordered settlement conference [ECF 45] presided over by U.S. Magistrate Judge Otazo-Reyes that resulted in no counteroffer ever made to the Plaintiffs opening offer and each Plaintiff had a pending motion for summary judgement on liability [ECF 112] when they were dismissed from this action with prejudice.  Plaintiffs respectfully submit the record supports a finding of negligence in not attending the Court ordered mediation.  There was no pattern of delay *on behalf of the Plaintiffs* nor was there willful or contemptuous disregard of the Court Order for mediation that would justify the ultimate sanction of a dismissal with prejudice that operates as an adjudication on the merits (Compare *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999)(District Court properly dismissed case *with prejudice* after finding Plaintiff flouted discovery rules, destroyed evidence, misidentified a material witness in the case and ignored various court orders).  Accordingly, Plaintiffs respectfully request the Court amend the Order pursuant to Rule 59(e) to consider and provide for a lesser sanction than dismissal with prejudice.[3]

[Signature and date on the following page]

---

[3] The Plaintiffs combined claims are valued at over $1,000,000 (one million dollars) according to the pre-suit notices on file with the Court [ECF 112 Ex. "A" – Presuit Notices].

Respectfully submitted this 15th day of September, 2021.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
8954-303-9882
Email: astridgabbe@gmail.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the Plaintiff conferred with Mr. Brodsky on September 14, 2021 to inquire if he would agree to the requested relief and he stated that he did not consent to any of the relief requested in the motion.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the NextGen CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List via transmission of Notices of Electronic Filing generated by the NextGen CM/ECF system.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com