UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23230-CIV-CANNON/OTAZO-REYES

ANGELA MILNER,
SHAKIR WILLIAMS,
RASHEEDAH MAYS,
AMEERA BREWER,
EBONY MAYFIELD,
JOCELYN JOHNSON,
JAMMIE PARKER,
MARLEKA WILLIAMS, and
TIFFANY THOMPSON,

    Plaintiffs,

v.

TERI GALARDI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Teri Galardi's ("Defendant") Statement of Reasonable Costs and Fees (hereafter, "Statement") [D.E. 117], filed on September 15, 2021, pursuant to the Court's Order Granting in Part Defendant's Second Motion for Sanctions and Dismissing Certain Plaintiffs (hereafter, "Order") [D.E. 113]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 38].

In her Statement, Defendant requests an award based on 4.10 hours expended by Attorneys Gerald Tobin and Howard Brodsky at a discounted hourly rate of $350.00. See Statement [D.E. 117 at 2]. This yields a total fee award of $1,435.00. To date, Plaintiffs have not filed an objection to Defendant's Statement.

"A reasonable award of attorney's fees is calculated using the lodestar method, which requires the court to multiply the reasonable hours expended by a reasonable hourly rate." Gary Brown & Assocs., Inc. v. Ashdon, Inc., No. 05-CV-8039, 2006 WL 8435138, at *1 (S.D. Fla. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "[T]he Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended." Learning Connections, Inc. v. Kaufman, Englett & Lynd, *PLLC*, No. 11-CV-368, 2012 WL 13102412, at *4 (M.D. Fla. 2012) (citing Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Having reviewed Defendant's Statement, the Declaration of Gerald Tobin Esq. and Howard Brodsky Esq. in support thereof [D.E. 117-1], the scope of the Order on discovery sanctions, and applying her own knowledge and expertise and noting Plaintiffs' non-objection, the undersigned finds the total requested amount of $1,435.00 to be reasonable.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that the Court GRANT Defendant's total requested amount of $1,435.00 incurred in filing its Second Motion for Sanctions.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 19th day of October, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Aileen M. Cannon
      Counsel of Record